IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02423-KLM

DIANE KAY THOMAS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#8],[2] filed December 8, 2017, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq. On January 17, 2018, Plaintiff filed an Opening Brief [#13] (the "Brief"). Defendant filed a Response [#14] in opposition, and Plaintiff filed a Reply [#20]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#9, #21].

[2] "[#8]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

## I. Background

Plaintiff alleges that she became disabled on June 1, 2014. Tr. 20.[3] On October 28, 2014, Plaintiff filed an application for disability and disability insurance benefits pursuant to Title II. Tr. 20. On November 1, 2016, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 29.

The ALJ determined that Plaintiff met the insured status requirements of the Act through June 30, 2017, and that Plaintiff had not engaged in substantial gainful activity ("SGA") from her alleged onset date of June 1, 2014. Tr. 22. The ALJ found that Plaintiff suffers from two severe impairments: (1) degenerative disc disease and (2) status post bilateral knee arthroplasty. Tr. 18. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." Tr. 23. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform work at a light exertional level except with the limitations of only occasionally engaging in postural activities and only frequently using her upper extremities. Tr. 24. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was able to perform her past relevant work as an executive administrative assistant. Tr. 28. He therefore found Plaintiff not disabled at step four of the sequential evaluation. Tr. 29. The ALJ's decision has become the final decision

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 8 through 8-10 by the sequential transcript numbers instead of the separate docket numbers.

of the Commissioner for purposes of judicial review. 20 C.F.R. § 404.981.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

[T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally

limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  See *Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)).  In other words, the Court does not reexamine the issues de novo.  *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993).  Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*"  *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.    Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary.  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary.").  The Commissioner bears the burden of proof at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Id.* 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B. Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d

1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff asserts that the ALJ erred in four primary ways. First, Plaintiff argues that "[t]he ALJ failed to support his determination that [Plaintiff's] severe impairments did not meet the Listings with substantial evidence and failed to demonstrate application of the correct legal standard." *Brief* [#13] at 4-5. Second, Plaintiff argues that her "symptoms from her bilateral knee arthroplasty meet, equal or exceed the criteria for Listing 1.03: reconstructive surgery or surgical arthrodesis of a major weight-bearing joint." *Id.* at 6-7. Third, Plaintiff argues that "[t]he ALJ ignored relevant law and erred by failing to consider each of [Plaintiff's] impairments in combination." *Id.* at 7-8. Fourth, Plaintiff argues that the "RFC fails to account for all of [Plaintiff's] impairments, including a failure to accurately assess mental health diagnoses and associated limitations." *Id.* at 8-10. The Court addresses each argument in turn.

### A. Step Three: The Listings

At step three of his decision, the ALJ stated in part:

Specifically, listing 1.02 addressing major dysfunction of joints was

considered. The listing requires gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints. The listing also requires the inability to ambulate effectively [on] a weight-bearing joint or the inability of one of the major peripheral joints in each upper extremity to perform fine and gross movements effectively. In this case, the available medical evidence did not demonstrate the specified criteria required of the listing. Therefore, the claimant's impairments do not meet or equal listing 1.02.

Particular attention was also given to listing 1.03 addressing reconstructive surgery or surgical arthrodesis of a major weight-bearing joint. In order to satisfy the criteria for listing 1.03, the claimant must have an inability to ambulate effectively and return to effective ambulation did not occur or is not expected to occur within 12 months of onset. The evidence of record demonstrates that the criteria for listing 1.03 is not fulfilled and the claimant's impairments do not meet or equal listing 1.03.

Listing 1.04 addressing disorders of the spine was additionally considered. Listing 1.04 requires that the medical evidence establish a disorder of the spine resulting in the compromise of a nerve root or spinal cord with nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. In this case, the criteria for listing 1.04 were not fulfilled; therefore, listing 1.04 is not met or equaled.

Tr. 24 (internal citation omitted).

### 1. Substantial Evidence in Support of Listings Requirements

First, Plaintiff argues that "[t]he ALJ failed to support his determination that [Plaintiff's] severe impairments did not meet the Listings with substantial evidence and failed to demonstrate application of the correct legal standard." *Brief* [#13] at 4-5. In support, Plaintiff cites *Clifton v. Chater*, 79 F.3d at 1009-10. *Id.*; *Reply* [#20] at 2. In *Clifton*:

[T]he ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment. Such a bare conclusion is beyond meaningful judicial review. . . . Under [42 U.S.C.

> 405(b)(1)], the ALJ was required to discuss the evidence and explain why he found that appellant was not disabled at step three.
>
> This statutory requirement fits hand in glove with our standard of review. By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration. Rather, we review the Secretary's decision only to determine whether her factual findings are supported by substantial evidence and whether she applied the correct legal standards.
>
> Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion. The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

79 F.3d at 1009-10 (internal citations and quotation marks omitted).

In response, Defendant cites *Fischer–Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). *Response* [#14] at 7. In *Fischer–Ross*, the Tenth Circuit Court of Appeals clarified its holding in *Clifton*:

> In *Clifton*, we construed 42 U.S.C. § 405(b)(1) as requiring an ALJ "to discuss the evidence and explain why he found that [a claimant] was not disabled at step three." Thus, the ALJ, here and in *Clifton*, erred in failing to do so. But *Clifton* did not categorically reject the application of harmless error analysis in the present context. To be sure, we apply harmless error analysis cautiously in the administrative review setting. But as we explained in *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004), harmless error analysis "nevertheless may be appropriate to supply a missing dispositive finding . . . where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."

> *Clifton* does not remotely suggest that findings at other steps of an ALJ's analysis may never obviate the lack of detailed findings at step three. *Clifton* sought only to ensure sufficient development of the administrative record and explanation of findings to permit meaningful review. The only finding mentioned in *Clifton* was an RFC for "a limited range of sedentary" work. This isolated finding, unlike the ALJ's far more substantial RFC findings here, does not suggest an explicit, definitive basis for rejection of the listings. Thus, *Clifton* properly held the ALJ's bare conclusion in that case precluded meaningful review.
>
> But where an ALJ provides detailed findings, thoroughly reviewed and upheld by the district court, that confirm rejection of the listings in a manner readily reviewable, requiring reversal would extend *Clifton* beyond its own rationale. Neither *Clifton*'s letter nor spirit require a remand for a more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review.

431 F.3d at 733-34 (internal citations and footnotes omitted).

Thus, here, the Court looks to the ALJ's discussion and findings elsewhere in the decision to determine whether his step three determination is properly supported. *Id.* at 734. At step four of his decision, the ALJ extensively discussed the objective medical evidence with respect to lumbar spine degenerative disc disease and cervical spine degenerative disc disease, both of which relate to Listing 1.04, which concerns disorders of the spine. Tr. 26-27. Also at step four of his decision, the ALJ thoroughly discussed the objective medical evidence with respect to status post bilateral knee arthroplasty, which relates to Listing 1.02 (major dysfunction of joints) and Listing 1.03 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint). Tr. 27.

The Court discusses whether Plaintiff meets Listing 1.03 when it addresses Plaintiff's second argument below. However, with respect to Listings 1.02 and 1.04, Plaintiff makes no argument beyond a supposed inability to review the ALJ's decision because of a lack

of analysis. For example, Plaintiff does not direct the Court's attention to evidence in the record which could potentially support a finding that she meets Listing 1.02 and/or 1.04. It is not for the Court to create additional arguments on behalf of Plaintiff. The Court notes, though, that nothing in the ALJ's later discussion of the objective medical evidence shows any obvious error with respect to his step three conclusions as to Listings 1.02 and 1.04.

Accordingly, to the extent the ALJ erred by not discussing the evidence at step three of his analysis, the Court finds he did not commit reversible error due to his later, thorough discussion of the evidence at step four. *See Fischer–Ross*, 431 F.3d at 733-34.

**2.     Listing 1.03**

Second, Plaintiff argues that her "symptoms from her bilateral knee arthroplasty meet, equal or exceed the criteria for Listing 1.03: reconstructive surgery or surgical arthrodesis of a major weight-bearing joint." *Brief* [#13] at 6-7.

Listing 1.03 requires a claimant to show "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03. Listing 1.00(B)(2)(b) provides nonexclusive examples of ineffective ambulation including: (1) "the inability to walk without the use of a walker, two crutches or two canes," (2) "the inability to walk a block at a reasonable pace on rough or uneven surfaces," (3) "the inability to use standard public transportation," (4) "the inability to carry out routine ambulatory activities, such as shopping and banking," and (5) "the inability to climb a few steps at a reasonable pace with the use of a single hand rail."

Plaintiff had total arthroscopy surgery in both of her knees. *Brief* [#13] at 6 (citing

Tr. 273-327, 423-520). Plaintiff cites two pieces of evidence in support of her argument that she meets the requirements of Listing 1.03. *Id.* at 7. First, on December 8, 2014, Plaintiff completed a Personal Pain Questionnaire. Tr. 201. She stated that she had "constant/nonstop" pain in both knees which was made worse by sitting, standing, and walking, and which prevented her from driving, shopping, dancing, traveling, cooking, and doing housework. Tr. 201. Second, the same day, Plaintiff completed a Function Report. Tr. 214-221. She stated that she "remain[s] sedentary, mostly seated, with my family, [and] I watch TV, read, and use the internet." Tr. 215. She further stated that she "need[s] a rail, and a walker" in order to use the toilet, and that she never prepares food or meals. Tr. 215-16. She said that others do household chores for her because the pain and limited mobility make it difficult for her to do them. Tr. 217. She also said that she could walk no more than half a block before needing to rest for 15-25 minutes. Tr. 219.

However, as Defendant points out, Plaintiff's self-reported limitations are insufficient to meet her burden at step three. *Response* [#14] at 10. The issue is whether the relevant "medical findings" meet Listing 1.03:

> Whether the findings for an individual's impairment meet the requirements of an impairment in the listings is usually more a question of medical fact . . . . Many of the criteria in the listings relate to the nature and severity of impairments; e.g., diagnosis, prognosis and, for those listings that include such criteria, symptoms and functional limitations. In most instances, the requirements of listed impairments are objective, and whether an individual's impairment manifests these requirements is simply a matter of documentation.

Social Security Ruling ("SSR") 96–5p, 1996 WL 374183, at *3 (July 2, 1996). A claimant's description of her impairments is not adequate substitution for objective medical findings in determining whether a Listing has been met: "[W]e will not substitute your allegations of

pain or other symptoms for a missing or deficient sign or laboratory finding to raise the severity of your impairment(s) to that of a listed impairment." 20 C.F.R. § 404.1529(d)(3).

Plaintiff does not cite to any objective medical evidence purportedly overlooked by the ALJ which would allow her to meet the requirements of Listing 1.03. *See Brief* [#13] at 6-7. Nothing in the ALJ's later discussion of the objective medical evidence shows any obvious error with respect to his step three conclusions as to Listings 1.03. Tr. 27. This is not to say that Plaintiff's self-reported limitations are not relevant; rather, they should be considered by the ALJ at step four as part of his RFC formulation. *See generally Bernal v. Bowen*, 851 F.2d 297 (10th Cir. 1988).

Accordingly, the Court finds that the ALJ did not commit reversible error with respect to his step three analysis of whether Plaintiff meets the requirements of Listing 1.03.

### 3.      Considering Impairments in Combination

Third, Plaintiff argues that "[t]he ALJ ignored relevant law and erred by failing to consider each of [Plaintiff's] impairments in combination." *Brief* [#13] at 7-8. Pursuant to 20 C.F.R. § 404.1523(c), the ALJ must "consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, we will consider the combined impact of the impairments throughout the disability determination process."

Here, the ALJ stated:

> The undersigned has considered all of the claimant's impairments individually and in combination, but can find no evidence that the combined clinical findings from such impairments reach the level of severity contemplated in the listings. Since the claimant shows no evidence of an impairment that meets or equals criteria of a listed impairment or of a combination of

> impairments equivalent in severity (not in mere numbers) to a listed
> impairment, disability cannot be established on the medical facts alone.

Tr. 24. Plaintiff's argument essentially echoes the argument she made with respect to the ALJ's discussion of the individual Listings, as analyzed by the Court in Section III.A.1. above: i.e., that the ALJ failed to provide sufficient analysis underlying his conclusion for finding that no combination of impairments meets the Listings. *See Brief* [#13] at 7-8; *Reply* [#20] at 3.

In connection with Social Security disability cases, the Tenth Circuit has stated that its "general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Even so, the Court notes, without deciding, that the ALJ's sparse discussion at step three may have been insufficient if it were not for the ALJ's more robust analysis at step four. *See Fischer–Ross*, 431 F.3d at 733 (stating that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment"). The ALJ repeatedly referenced and cited to evidence of Plaintiff's various impairments as he canvassed the record and summarized the effects of those impairments in order to determine Plaintiff's RFC. *See* Tr. 25-28. Although Plaintiff is correct that it is ultimately the ALJ's responsibility to identify and evaluate the appropriate Listings at step three, *see Clifton*, 79 F.3d at 1009, it is Plaintiff's responsibility on appeal to direct the Court's attention to evidence linking her impairments to one another or demonstrating that her impairments, considered in the aggregate, might meet or equal a particular step three Listing. *See Fischer-Ross*, 431 F.3d at 735 n.8. Plaintiff has made no effort to do so.

Accordingly, to the extent the ALJ erred by not discussing the evidence at step three of his analysis concerning Plaintiff's combined impairments, the Court finds he did not commit reversible error. *See Fischer–Ross*, 431 F.3d at 733-34.

**B.     Step Four: RFC Formulation**

Fourth, Plaintiff argues that the "RFC fails to account for all of [Plaintiff's] impairments, including a failure to accurately assess mental health diagnoses and associated limitations." *Brief* [#13] at 8-10. At the outset, the Court notes that *nothing* in Plaintiff's briefs discusses anything about mental health diagnoses. *See id.*; *Reply* [#20] at 4. Thus, although this statement appears in both Plaintiff's Brief and Reply, the Court believes these references to be merely editing errors and accordingly confines its discussion to Plaintiff's asserted physical impairments.

Plaintiff argues that "[t]he ALJ's proposed limitations do not reflect the ALJ's findings of severe and other impairments," because "[t]he RFC makes no reference to the limitations described by [Plaintiff] due [to] her joint disorders, degenerative disc disease, pain in her hands and limbs, obesity or recurring sinusitis." *Brief* [#13] at 9. Specifically, Plaintiff argues that the ALJ should have included these limitations: (1) lifting 20 pounds frequently, (2) lifting 40 pounds occasionally, (3) carrying 20 pounds frequently, (4) carrying 40 pounds occasionally, (5) bending, stooping, squatting, and/or crawling occasionally, (6) accounting for time spent sitting, standing, and transitioning between the two, and (7) accounting for time off of tasks due to stretching, resting, and pain. *Id.* Plaintiff asserts that these restrictions are supported by Dr. Kerry Kamer's ("Dr. Kamer") recommendations and/or "by the consistent personal reports" of Plaintiff. *Id.*

Some of Plaintiff's argument is perplexing, because the ALJ imposed *greater*

restrictions than those argued by Plaintiff above. The ALJ limited Plaintiff to light work. Tr. 24. Light work consists of lifting or carrying 20 pounds occasionally and 10 pounds frequently. SSR 83–10, 1983 WL 31251, at *5 (Jan. 1, 1983). This contrasts with Plaintiff's assertion that she should be limited to lifting or carrying 40 pounds occasionally and 20 pounds frequently. *Brief* [#13] at 9.

Further, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83–10, 1983 WL 31251, at *6. Dr. Kamer, who provides the only medical opinion in the record, did not recommend any limitations on the number of hours Plaintiff should sit, stand, or walk. Tr. 379. Plaintiff, who cites only to this same single page of Dr. Kamer's assessment, does not direct the Court's attention to any other medical evidence or opinion which would support additional limitations, as suggested by Plaintiff in her personal reports. *Brief* [#13] at 9.

In addition, the ALJ limited Plaintiff to only "occasional" postural activities such as bending, stooping, squatting, or crawling. Tr. 25. This was a greater limitation than that suggested by Dr. Kamer, who said that such activities "should be feasible occasionally-frequently." Tr. 379. Plaintiff, who again cites only to this same page of Dr. Kamer's assessment, does not direct the Court's attention to any other medical evidence or opinion which would support the additional limitations suggested by Plaintiff in her personal reports. *Brief* [#13] at 9.

Similarly, with respect to Plaintiff's requested limitations "accounting for time off of tasks due to stretching, resting, and pain," Plaintiff again cites only to this one page of Dr. Kamer's assessment, which does not assess any needed limitations in this area, and does not direct the Court's attention to any other medical evidence or opinion which would

support additional limitations in this area.  *Id.*  Under these circumstances, the Court cannot find that the ALJ erred in this aspect of his decision.

Finally, Plaintiff asserts that "[t]he RFC makes no reference to the limitations described by [Plaintiff] due [to] her joint disorders, degenerative disc disease, pain in her hands and limbs, obesity or recurring sinusitis."  *Id.*  The Court makes two observations here.  First, the ALJ clearly did in fact reference and extensively discuss limitations relating to Plaintiff's joint disorders, disc disease, and hand/limb pain throughout his decision and incorporated in the RFC limitations based on those issues.  Tr. 25-28 (limiting Plaintiff to "light work", occasional posturals, and frequent use of both upper extremities).  Second, to the extent the ALJ does not separately provide an in-depth discussion of obesity or recurring sinusitis, Plaintiff does not point to any additional limitations not discussed previously in this section which should be imposed on the basis of these two impairments.

Accordingly, the Court finds no reversible error with respect to the ALJ's decision regarding Plaintiff's RFC.

### IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **AFFIRMED**.

IT IS FURTHER **ORDERED** that each party shall bear its own costs and attorney's fees.

Dated:  March 27, 2019

BY THE COURT:

*Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge